**D & L SUPPLY COMPANY, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 88–06–00424.**

United States Court of
International Trade.

Aug. 16, 1988.

Brownstein, Zeidman & Schomer, Irwin P. Altschuler, David R. Amerine, and Ronald M. Wisla, Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Platte B. Moring, III, U.S. Dept. of Commerce, Office of the Chief Counsel for Import Admin., Washington, D.C., Mark J. Sadoff, Plymouth, Mich., for defendant.

DiCARLO, Judge:

D & L Supply Company of Orem, Utah (plaintiff), an importer of construction castings from India, moves under Rule 56.1 of the Rules of this Court for an order directing the International Trade Administration of the United States Department of Commerce (Commerce) to release business proprietary information to plaintiff's counsel under protective order. Plaintiff claims that because its counsel is limited to the public administrative record, while counsel for the other interested parties have access to both the public and confidential administrative records, Commerce is precluding plaintiff from meaningfully participating in the administrative review in violation of 19 U.S.C. §§ 1677c and 1677f, normal procedures of administrative law, 5 U.S.C. § 701 *et seq.*, and the due process protection under the fifth amendment of the United States Constitution.

Plaintiff has standing under 19 U.S.C. § 1677f(c)(2) and 28 U.S.C. § 2631(f) (1982) and the Court has jurisdiction under 28 U.S.C. § 1581(f) (1982). The Court finds under its *de novo* standard of review on the record that plaintiff's motion for access under protective order should be granted so that plaintiff may participate fully in the administrative review and preserve issues for later judicial review.

### Background

Shortly after initiation of an administrative review of a countervailing duty order, *Certain Iron–Metal Construction Castings From India*, 45 Fed.Reg. 68,650 (Oct. 16, 1980), and before any information was placed in the administrative record, counsel for the United States producers of iron metal castings (domestic industry) applied for access under protective order to confidential business proprietary information that the Indian manufacturers of iron metal castings would submit to Commerce and to other confidential information that Commerce would incorporate into the administrative record.

The Indian manufacturers submitted a countervailing duty questionnaire response in August of 1987. This response contains

business proprietary information concerning benefits each company received and the total sales value of exported merchandise on both company specific and country wide bases. Over objection of the Indian manufacturers, Commerce granted the domestic industry's counsel access under protective order to the questionnaire response and all future submissions of business proprietary information. The domestic industry's counsel has made several submissions incorporating this confidential information since Commerce granted access in September of 1987.

On February 4, 1988, plaintiff, a United States importer of iron-metal construction castings submitted a timely entry of appearance indicating its intention to participate in the administrative review. Plaintiff's counsel applied for access to the confidential record under protective order to facilitate their effective participation in the review. Plaintiff's counsel applied for access to the same information that Commerce granted to the domestic industry's counsel and plaintiff's applications for the administrative protective order incorporate the same protective terms as the domestic industry's applications.

On February 11, 1988, counsel for the Indian manufacturers opposed Commerce's release of confidential data under administrative protective order to plaintiff's counsel and denied that plaintiff's counsel required data for all Indian manufacturers to make its arguments. Because plaintiff's counsel already had access to its supplier's rate of subsidization, counsel for the Indian suppliers stated

> [i]t is not necessary that counsel have access to the data of the other individual companies since the comparison to be made for a separate rate would be RSI's subsidization rate to the *overall* weighted average subsidization rate.

R. 2 at 2 (emphasis in original).

Commerce denied access to plaintiff's counsel on June 7, 1988, stating that there was "no demonstrable need to know on the part of counsel for D & L, and whatever needs they perceive are outweighed by the need of respondents for continued confidential treatment and by the possible competitive harm to the exporters which may be occasioned by the release of the exporters' proprietary information." R. 5.

Plaintiff filed an action in this Court within the ten day statute of limitations under 28 U.S.C. § 2636(g) (1982). Prior to the hearing on August 8, 1988 the Court satisfied itself that all of the interested parties had been previously notified of the hearing and their rights under 19 U.S.C. § 1677f(c)(2)(C) (1982) to appear and be heard.

## Standard of Review

■ Actions to compel disclosure of business proprietary information under protective order are evaluated in this Court *de novo* on the administrative record to determine whether the need of the party requesting access to the information outweighs the need of the party submitting the information for continued confidential treatment. 19 U.S.C. § 1677f(c)(2) and 28 U.S.C. § 2640(a)(4) (1982); S.Rep. No. 249, 96th Cong., 1st Sess. 100, *reprinted in* 1979 U.S.Code Cong. & Admin.News 486; *Timken Co. v. United States*, 11 CIT —, 659 F.Supp. 239, 240 (1987).

## Discussion

Plaintiff's counsel claims it requires access to determine whether the countervailing duty assessment rate and the future countervailing duty deposit rate that plaintiff will pay as an importer are calculated according to law. Plaintiff claims it requires access to determine whether merchandise that it imports is entitled to a potentially lower company-specific assessment and/or deposit rate rather than a higher national rate. Upon review of the public questionnaire response, it appeared to plaintiff's counsel that the benefits one manufacturer received from a potentially countervailable program under review are substantially lower than other reporting manufacturers. Because Commerce may establish individual company countervailing duty rates when there are significant differences in benefits various firms receive, 19 U.S.C. § 1671e(a)(2)(A) (1982 & Supp. IV 1986), plaintiff argues it would benefit

from countervailing duty rates assessed at a lower, company-specific rate for its suppliers rather than a higher national rate. Plaintiff's counsel seeks access to the confidential record to determine under various legal theories whether plaintiff's imports are entitled to a lower company-specific rate. Without access to the confidential record, plaintiff argues that its counsel would be severely handicapped in presenting factual and legal arguments in support of a company-specific rate for plaintiff's imports.

Even if plaintiff's imports are properly subject to a national rate, plaintiff claims that access to the confidental information is necessary for counsel to review the accuracy and methodology of Commerce's calculation of the assessment and deposit rates that plaintiff will ultimately pay.

Defendant opposes granting access to plaintiff's counsel because each disclosure of information submitted in confidence dampens the propensity of foreign producers to divulge confidential information in future trade cases, *see Monsanto Indus. Chem. Co. v. United States*, 6 CIT 241, 243 (1983) [available on WESTLAW, 1983 WL 2224], and because Commerce desires to limit the risk of inadvertent disclosures by limiting access to confidential information.

Plaintiffs emphasize that because the information requested has already been disclosed to counsel for the domestic industry and their non-attorney consultants, permitting plaintiff's counsel access to the same information would not significantly increase the already existing risk of inadvertent disclosure. Plaintiff denies any danger of inadvertent pricing comparisons because it does not ask for the names of the companies involved. Plaintiff emphasizes the narrow scope of its request for counsel's access under protective order and denies any significant chilling effect because the information requested has already been released to the Indian manufacturers' competitors in the United States.

Release of business proprietary information under protective order to counsel, as officers of the court, is generally considered sufficient to address concerns that confidentiality, under any form of protective order, would seriously be at risk. *Chevron U.S.A., Inc. v. United States*, 11 CIT ——, Slip Op. 87–13 at 7–8 (Feb. 6, 1987) [available on WESTLAW, 1987 WL 6318]. Disbarment from practice before Commerce under 19 C.F.R. § 355.20(e) (1988) and the further prospect of professional disbarment have been deemed to constitute sufficient security to counter the possible unauthorized disclosure by attorneys. *See Yale Materials Handling Corp. v. United States*, 11 CIT ——, 674 F.Supp. 865, 867 (1987). There is nothing to suggest that the attorneys involved in this action would not be subject to these possible disbarments for unauthorized disclosure. The attorneys are not in-house counsel who might be susceptible to demands of their corporate employers to violate a protective order. *See* Closen & Wojcik, *Lawyers Out in the Cold*, 73 A.B.A. J. 94 (Nov.1987).

Defendant also contends that plaintiff's counsel has no need for access to the confidential record because plaintiff may presume Commerce will apply regulations proposed three years ago in 50 Fed.Reg. 24,-207 (June 10, 1985). Under these proposed regulations, defendant states plaintiff will require only the individual company rate and the national rate to make its arguments, and plaintiff's counsel will have access to these numbers without resorting to the confidential record.

Plaintiff responds that Commerce has inconsistently applied the regulation that was proposed three years ago but has still not yet been adopted. *Compare Ceramic Tile From Mexico; Final Results of Countervailing Duty Administrative Review*, 53 Fed.Reg. 15,090 (Apr. 27, 1988), *with Certain Welded Carbon Steel Pipe and Tube Products From Turkey; Final Results of Countervailing Duty Administrative Review*, 53 Fed.Reg. 9791 (Mar. 25, 1988); *Final Affirmative Countervailing Duty Determination and Countervailing Duty Order; Certain Steel Wire Nails From New Zealand*, 52 Fed.Reg. 37,196 (Oct. 5, 1987); and *Final Affirmative Countervailing Duty Determination; Industrial Phosphoric Acid From Israel*, 52 Fed.Reg.

25,447 (July 7, 1987). Plaintiff also asserts the proposed regulation is legally invalid under the countervailing duty statutes, but argues that even if the regulation were valid some flexibility must exist in its various applications. Plaintiff claims that without access to the confidential record under protective order, counsel may be unable to determine the basis of plaintiff's claim and effectively promote plaintiff's interests during the administrative proceedings. *See Timken Co.,* 11 CIT at ——, 659 F.Supp. at 242.

Defendant also contends plaintiff's counsel should be denied access because plaintiff's interests are adequately protected by the Indian manufacturers. Defendant asserts the Indian manufacturers and United States importers have similar interests because both are interested in achieving low rates, and the assessment rate on past entries will be the same as the deposit rates for future entries. Because the Indian manufacturers will verify Commerce's national rate while plaintiff's counsel verifies Commerce's rate for plaintiff's supplier, defendant claims the issue is entirely one of plaintiff's trust of the Indian manufacturers.

Plaintiff disputes Commerce's view of a similarity of interests between the Indian manufacturers and United States importers. Plaintiff emphasizes that it is the party that will ultimately pay the duties and cites as evidence of dissimilar interests the failure of the Indian manufacturers to request individual company rates.

### Conclusion

The Court has reviewed the confidential record *in camera* pursuant to 28 U.S.C. § 2635(c) (1982). *See* S.Rep. No. 249, 96th Cong., 1st Sess. 100, *reprinted in* 1979 U.S.Code Cong. & Admin.News 486. Upon its *de novo* review of the record and the arguments advanced before the Court, the Court finds that plaintiff's counsel should be granted access to the confidential record under protective order so that plaintiff may fully participate in the administrative review and preserve issues for later judicial review.

## JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now in conformity with that decision,

IT IS HEREBY ORDERED that plaintiff's motion is GRANTED and

ORDERED that defendant disclose the confidential information in the administrative record to counsel for plaintiff under the terms of the APO applications dated February 4, 1988.